W. N. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27205. Promulgated January 8, 1930.

Perry W. Shrader, Esq., for the petitioner.
L. A. Luce, Esq., for the respondent.

OPINION.

LANSDON: The petitioner contends that under the terms of his agreement with the corporation he was obligated to pay the entire cost of improvements to the hotel property which the lessor made at his request, as additional rentals. The evidence shows that such

total cost was $47,902.10 and that when the lease was terminated by the corporation's sale of the hotel in December, 1922, $8,466.85 had been paid by petitioner as additional rental for the use of the improvements. It is obvious, therefore, that at the date of the sale and the termination of the lease agreement the corporation had not received the cost of the improvements as additional rentals and that the balance of such cost was $39,435.25, which the petitioner alleges was an obligation that he was required to assume and accrue under the terms of the agreement. Petitioner further alleges that in conformity with a verbal agreement between himself and the corporation he assumed the payment of the state and local taxes of the corporation for the year 1922, in the amount of $22,254.70, as a partial discharge of his alleged obligation to pay the cost of the improvements as additional rental, and was entitled to accrue such amount on his books as an ordinary and necessary expense for additional rental in 1922.

We are unable to agree with the contentions of the petitioner. Under the terms of his lease agreement he was obligated to pay only for the use of the improvements. The evidence shows that all the additional rent due under the terms of the agreement had been paid when the hotel property was sold and the contract was terminated. Upon what theory the petitioner claims the right to accrue payments for use of property long after he has ceased such use is not clear. There is as much basis for accruing the stated rentals still unearned and unpaid at the date of the sale as there is for the claim that anything remained due by the petitioner at December 31, 1922, for the use of the improvements. The leasehold agreement does not provide for the payment of the cost of the improvements by the petitioner, but for annual rental therefor, measured by 10 per cent of such cost.

*Decision will be entered for the respondent.*